IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LIBERTY MUTUAL INSURANCE COMPANY
and LIBERTY MUTUAL GROUP INC.,

                        Plaintiffs,                        OPINION and ORDER

    v.

                                                          19-cv-280-jdp

RICHARD P. LUND and MARY E. LUND,

                        Defendants.

---

Plaintiffs Liberty Mutual Insurance Company and Liberty Mutual Group Inc. (collectively, "Liberty") are seeking a return of severance payments that Liberty says it made to plaintiffs Richard P. Lund and Mary E. Lund in error. In total, Liberty says that it overpaid defendants nearly $450,000 between 2003 and 2015. It is asserting claims for unjust enrichment, conversion, and civil theft. *See* Dkt. 45.[1]

Each defendant has filed a separate motion to dismiss. Dkt. 36 and Dkt. 46. Mary Lund refers to herself as "Mary Ryder" in her briefs, so the court will refer to her as "Ryder" and Richard Lund as "Lund." Ryder seeks dismissal of all Liberty's claims; Lund seeks dismissal of the civil theft and conversion claims and any claim for unjust enrichment that arose more than six years ago. For the reasons discussed below, the court will dismiss the civil theft and conversion claims but allow the unjust enrichment claim to proceed.

---

[1] Liberty originally asserted a claim for breach of contract as well, *see* Dkt. 1, but the second amended complaint (the operative pleading) is limited to the three claims listed above.

ANALYSIS

**A. Unjust enrichment**

A claim for unjust enrichment has three elements: (1) the plaintiff conferred a benefit upon the defendant; (2) the defendant had an appreciation or knowledge of the benefit; and (3) the defendant accepted or retained the benefit under circumstances making it inequitable for the defendant to retain the benefit without payment of its value. *Buckett v. Jante*, 2009 WI App 55, ¶ 9, 316 Wis. 2d 804, 812, 767 N.W.2d 376, 380. Liberty's allegations in this case satisfy that standard: "[W]hen a party mistakenly confers a monetary benefit . . . on another, that party is entitled to restitution from the benefited party who, upon learning of the mistaken payment, refuses to repay the money." *See id.* at 21; *see also* Restatement (Third) of Restitution and Unjust Enrichment § 6 (2010) ("Payment by mistake gives the payor a claim in restitution against the recipient to the extent payment was not due.").

Neither defendant contends that Liberty's allegations fail to state a claim for unjust enrichment, but Ryder contends that Liberty can't raise an unjust enrichment claim because Liberty's payments to defendants were governed by a contract. *See Greenlee v. Rainbow Auction/Realty Co.,* 202 Wis. 2d 653, 671–72, 553 N.W.2d 257 (Ct. App. 1996). But "Wisconsin law does not bar a party from seeking equitable relief for a benefit conferred, if that benefit falls outside the scope of the parties' contractual relationship." *Meyer v. The Laser Vision Inst.*, 2006 WI App 70, ¶ 26, 290 Wis. 2d 764, 781, 714 N.W.2d 223, 231 (internal quotations and emphasis omitted). That is what Liberty is alleging in this case: after the contract expired—when the parties no longer had a contractual relationship—Liberty continued making payments to defendants. Ryder doesn't explain why the contract would bar

2

a claim for unjust enrichment under these circumstances, so the court will not dismiss the unjust enrichment claim as barred by the contract.

Alternatively, both defendants contend that the unjust enrichment claim is limited by the six-year limitations period in Wis. Stat. § 893.43, which applies to claims for breach of contract. Liberty contends that unjust enrichment claims have no statute of limitations and that the only time limit on such claims comes from the doctrine of laches.

The Wisconsin Supreme Court held in *Boldt v. State*, 101 Wis.2d 566, 578, 305 N.W.2d 133, 141 (1981), that unjust enrichment claims are "based on quasi-contract," so they are governed by the limitations period for breach of contract claims. The court of appeals has followed *Boldt* at least twice since then. *See Steadfast Ins. Co. v. Greenwich Ins. Co.,* 2018 WI App 11, ¶ 56, 380 Wis. 2d 184, 211, 908 N.W.2d 502, 515, *rev'd on other grounds,* 2019 WI 6, ¶ 56, 385 Wis. 2d 213, 922 N.W.2d 71; *Stapel v. Stapel,* 2010 WI App 120, ¶ 28, 329 Wis. 2d 269, 789 N.W.2d 753 (nonprecedential).

Liberty relies on *Suburban Motors of Grafton, Inc. v. Forester,* 134 Wis. 2d 183, 187–88, 396 N.W.2d 351, 352–53 (Ct. App. 1986), in which the court held that a claim for constructive trust—which the court likened to unjust enrichment—did not have a statute of limitations because it was an equitable action rather than an action at law. One nonprecedential court of appeals' decision relied on *Suburban Motors* to hold that "the timeliness of an unjust enrichment claim is governed by laches." *Lambo v. Kathleen D'Acquisto Irrevocable Tr.*, 2007 WI App 230, ¶ 37, 306 Wis. 2d 125, 740 N.W.2d 901 (nonprecedential). Other decisions from the court of appeals have suggested that there is conflicting case law on the question of the statute of limitations for unjust enrichment claims. *See Buss v. Rosenow*, 206 Wis. 2d 678, 558 N.W.2d

3

706 (Ct. App. 1996); *Watts v. Watts*, 152 Wis. 2d 370, 384 & n.10, 448 N.W.2d 292, 298 (Ct. App. 1989).

There may be conflicting decisions from the court of appeals, but *Boldt* appears to be the only decision from the Wisconsin Supreme Court that has directly addressed the statute of limitations for unjust enrichment. *Boldt* is also consistent with other cases in which the supreme court has described unjust enrichment as an action at law and based on a theory of quasi-contract. *See, e.g.*, *Fox Valley Builders Corp. v. Day*, 71 Wis. 2d 785, 789–90, 238 N.W.2d 748, 751 (1976); *Hicks v. Milwaukee Cty.*, 71 Wis. 2d 401, 404, 238 N.W.2d 509, 512 (1976). In diversity cases like this one, a federal court must apply state law as interpreted by the state supreme court. *Burzlaff v. Thoroughbred Motorsports, Inc.*, 758 F.3d 841, 847 n. 4 (7th Cir. 2014). So the court will follow *Boldt* and apply a six-year limitations period.

This leaves the question of when the statute of limitations stopped running. Answering that question is necessary to determine how far back in time Liberty's claim reaches. Lund assumes that the relevant date is April 11, 2019, when Liberty filed the lawsuit; Ryder assumes that it is October 23, 2019, when she waived personal service. Neither defendant explains the choice or cites authority for it. Liberty ignores the issue. Because none of the parties have adequately addressed the issue, the court will not resolve it now. Any party is free to raise a more developed argument in a motion for summary judgment.

## B. Conversion and civil theft

Conversion and civil theft are closely related but distinct causes of action. The tort of conversion requires the plaintiff to show that the defendant intentionally controlled or took property belonging to the plaintiff, without consent, and that the defendant seriously interfered with the rights of the plaintiff to possess the property. *H.A. Friend & Co. v. Prof'l Stationery,*

*Inc.*, 2006 WI App 141, ¶ 11, 294 Wis. 2d 754, 763, 720 N.W.2d 96, 100. Under Wis. Stat. § 895.446(1), a person may bring a civil action against someone who violated the theft statute, Wis. Stat. § 943.20. That statute prohibits several different acts, *see id.*, § 943.20(1)(a)–(e), but the parties focus on § 943.20(1)(b) only, so the court will do the same.

Section 943.20(1)(b) prohibits the following conduct:

> By virtue of his or her office, business or employment, or as trustee or bailee, having possession or custody of money or of a negotiable security, instrument, paper or other negotiable writing of another, intentionally uses, transfers, conceals, or retains possession of such money, security, instrument, paper or writing without the owner's consent, contrary to his or her authority, and with intent to convert to his or her own use or to the use of any other person except the owner.

Defendants contend that Liberty hasn't stated a claim under either cause of action. As for conversion, defendants say that Liberty hasn't alleged that they took any of its property "without consent" because Liberty acknowledges that the overpayments were voluntary, albeit mistaken. As for civil theft, defendants say that Liberty failed to allege that either of them were able to retain the overpayments "[b]y virtue of his or her office, business or employment, or as trustee or bailee." Both are plausible arguments, but Liberty doesn't respond to either of them. "[W]hen presented with a motion to dismiss, the nonmoving party must proffer some legal basis to support his cause of action. The federal courts will not invent legal arguments for litigants." *Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995). So Liberty has forfeited its claims for conversion and civil theft, and the court will dismiss those claims with prejudice.

## C. Scheduling

One last point. Although the parties didn't finish briefing the motions to dismiss until May 4, 2020, they have now passed the deadline for dispositive motions, which was May 15,

2020. (The delay was the result of multiple amended complaints and multiple rounds of briefing the motions to dismiss.) Because this order changes the legal landscape for this case, the court will extend the deadline to June 1, 2020, if any party wishes to file a motion for summary judgment.

ORDER

IT IS ORDERED that

1.  The motions to dismiss filed by defendants Richard Lund and Mary Lund, Dkt. 36 and Dkt. 46, are GRANTED in part and DENIED in part. The claims for conversion and civil theft are DISMISSED with prejudice. The claim for unjust enrichment may be proceed, but the court will apply a six-year statute of limitations.

2.  The deadline for dispositive motions is EXTENDED to June 1, 2020.

Entered May 15, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge